# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## CIVIL RIGHTS COMPLAINT FORM FOR PRO SE PRISONER LITIGANTS IN ACTIONS UNDER 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

Joe Cecil Williams III,

Inmate ID Number: T36458,

*(Write your full name and inmate ID number.)*

v.

(Warden) Tony Knight
(Assistant Warden) Amanda Ralph,
(Head of Classification) Norma Kelly,

Z. Culpepper,

*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

A. Johns /

AMENDED COMPLAINT

Case No.: 3:25-cv-01825-AW-HTC
*(To be filled in by the Clerk's Office)*

**Jury Trial Requested?**
☑ YES   ☐ NO

Provided to Graceville Correctional Facility on 11/26/25 for mailing, by [signature]

FILED USDC FLND TL
DEC 4 '25 PM 4:20

## I. PARTIES TO THIS COMPLAINT

### A. Plaintiff

Plaintiff's Name: __Joe Cecil Williams__  ID Number: __T36458__

List all other names by which you have been known: _____

Current Institution: __Graceville Correctional Facility__

Address: __5168 Ezell Rd__

__Graceville, Florida 32440__

### B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *each and every* Defendant:

1. Defendant's Name: __Tony Knight__

   Official Position: __Warden__

   Employed at: __Walton Correctional Institution__

   Mailing Address: __691 Institution Rd__

   __DeFuniak Springs, FL 32433__

   ☑ Sued in Individual Capacity       ☐ Sued in Official Capacity

2. Defendant's Name: __Amanda Ralph__

   Official Position: __Assistant Warden of Programs__

   Employed at: __Walton Correctional Institution__

   Mailing Address: __691 Institution Rd__

   __DeFuniak Springs, FL 32433__

   ☒ Sued in Individual Capacity     ☐ Sued in Official Capacity

3. Defendant's Name: __Norma Kelly__

   Official Position: __Head of Classification__

   Employed at: __Walton Correctional Institution__

   Mailing Address: __691 Institution Rd__

   __DeFuniak Springs, FL 32433__

   ☒ Sued in Individual Capacity     ☐ Sued in Official Capacity

(*Provide this information for all additional Defendants in this case by attaching additional pages, as needed.*)

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)   ☑ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate your confined status:

☐ Pretrial Detainee          ☐ Civilly Committed Detainee

☑ Convicted State Prisoner   ☐ Convicted Federal Prisoner

☐ Immigration Detainee       ☐ Other (*explain below*):

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* showing why you are entitled to relief. Describe how *each* Defendant was involved and what each Defendant did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short, numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal arguments, quote cases, cite statutes, or reference a memorandum.*** You may make copies of page 6 if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. Exhibits attached to

Continuance of Parties to This Complaint

Defendant(s)

3. 4

Defendant's Name: Z. Culpepper
Official Position: Central Office Representative
Employed at: Central Office
Mailing Address: 501 South Calhoun St.
                 Tallahassee, FL 32399
\# Sued in Individual Capacity

5. Defendant's Name: A. Johns
Official Position: Central Office Representative
Employed at: Central Office
Mailing Address: 501 South Calhoun St.
                 Tallahassee, FL 32399
\# Sued in Individual Capacity

the complaint will count as part of your page limitation. Therefore, do not attach irrelevant or unnecessary exhibits. Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.

In April of 2023 an attempt Assault was made on the Plaintiff life by gang members. Mr. Williams was placed in confinement on two separate occasion, Mr. Williams was interviewed by the Institutions Investigator Ms. Eliam which Mr. Williams explained his need for protection on a Witness Statement form and that his life was in danger. Ms. Eliam took a photo copy of my I.D. to the gangmember on the compound letting them know Mr. Williams wrote a statement against them, which of course the gang members denied all accusation, which put me at greater risk of being harmed. Ms. Eliam never did a follow up or reviewed my file.

Instead I proceeded to see the I.C.T. which consisted of Amanda Ralph (Assistant Warden), Norma Kelly (Head of Classification), and Tony Knight (Warden). I told them I cooperated with State Attorney Office against

**Statement of Facts Continued** (*Page* 2 *of* 3)

Ten dangerous gangmembers and that its documented in my file as a Special Review, I also explained how I had a attempted assualt on my life at my prior Institution that led to the attempted assualt at there Institution Tony Knight as well as Amanda Ralph accused me of make up a false narrative, and Norma Kelly reviewed the report from Ms. Eliam seen that I had no injuries and denied me protection at one point I was asked how much time did I have I told them a life sentence and I was told that I couldn't run all my life.

I stayed in confinement as long as I could by getting wrote up for minor Disciplinary Reports until I had no choice but to go back on the compound by force. They placed me back in the same dorm My life was threaten in and 2 weeks of being release from confinement I had a attempted murder happen to me where I was stabbed 5 times in the upper torso.          see attachment.

Continue of Statement of Facts        Page 3 of 3

I started the grievance process while in confinement in between 5/1/23 and 6/30/23, I stated in writing on a DC1-303 form my history with gang members and my concern for protection, Ms. Amanda Ralph handle the formal grievance on the institutional level pursuant to F.A.C. 33-103.006. Ms. Amanda Ralph having full discloser to my file if reviewed would have sustain my need at the time for protection. Ms. Ralph merely denied my formal grievance

I appealed my issue to the Office of the Secretary Central Office which was handle by a Representative from Central Office named Z. Culpepper and A. Johns who's job was to follow the Rules of Conduct do an intense investigation on my file and statements, I wrote in my appeal everything I told the I.C.T. I even begged them for help My appeal was denied and I was denied protection management. 2 weeks after being released from confinement I was stabbed 5 times by two Inmates in the upper Torso, face, and neck.

Statement of Claims                                                 Pages 1 of 3

1. Violation of Eighth Amendment Failure-to-Protect claim

Warden Tony Knight violated the Plaintiff Eighth Amendment right by engaging in cruel and unusal punishment. Prison officials are required to take reasonable measures to guarantee the safety of the inmate population and to protect prisoners from violence at the hands of other prisoners. Warden Tony Knight after haveing full knowledge of grieved issues of Plaintiff life being threaten with a knife and Files of Plaintiff issues with gang members from Mr. Williams prior Institution which is documented. Instead Mr. Knights only question for Mr. Williams was "How much time do he have?" and based off Mr. Williams response Mr. Kight stated "You cant run all your life" and denied Plaintiff protection which led to a attempted murder on Plaintiff life.

2. Violation of Eighth Amendment Failure-to-Protect claim

Norma Kelly violated the Plaintiff Eighth Amendment right. Ms. Kelly being the Head of Classification and a member of the Institutional Classification Team (I.C.T) had in her possesion copies of Mr. Williams Statements, grievances, and file give her full knowledge of the attempted acts of violence on Mr. Williams life. Ms. Kelly interviewed Mr. Williams and reviewed the reports made by the Institutions Investigator and made the determanation that because Mr. Williams lacked any injuries that his life wasn't in danger which led to the denial of protection and a attempted murder on the Plaintiffs life. Reasonable measures to guarantee the

continued Statement of Claims          Page 2 of 3

Safety of the Plaintiffs life was not taken by Ms. Kelly, having a injury is not a measure that has to be endured by a inmate or human being to receive protection from acts of violence.

3. Violation of Eighth Amendment Failure-to-Protet claim

Amanda Ralph, Assistant Warden and Institutional Classification Team (ICT) member Interviewed Mr. Williams to determine if protection management was required Ms. Ralph reviewed Mr. Williams statements and merely waved it off as be "false narrative" and agreed with the rest of her team members to deny Mr. Williams protection. Ms. Ralph also handled Mr. Williams grievance on the Institutional level, which stated the Plaintiffs incident that took place on there compound and the Plaintiff pleading for help and protection. Ms. Ralph failed to maintain effective care, custody and control leading to the attempt murder of the Plaintiff.

4. Violation of Eighth Amendment Failure-to-Protect claim.

The representative of the Office of the Secretary Central Office, which consisted of Z. Culpepper and A. Johns who failed to review the seriousness of the issue by reviewing the files and statements and the Plaintiff history of protection. The Plaintiff appealed the decision of the institution and stated to the Central Office his plead for help by asking them to review the file to see if he had Special Reviews against Ten gangmembers and to see if Mr. Williams had

Continued Statement of Claims        Pages 3 of 3

a protective issue at his previous institution. A serious investigation was not done by Mr. Z. Culpepper or Mr. A. Johns who handled the appeal. This careless act translates into the constitutional liability of prison system for victims of acts of violence safety.

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

See attachment

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

My Eighth amendment was violated and due to this violation Mr. Williams could have lost his life from the 5 stab wounds. Mr. Williams is seeking $150,000 in compensatory damages and $250,000 in punitive damages.

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.* If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII. PRIOR LITIGATION

*This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.*

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while*

*incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

☑ YES   ☐ NO

If "Yes," identify the case number, date of dismissal, and court for each case:

1. Date: 5/09/25   Case #: 3:25cv441-MCR-HTC

   Court: U.S. District Court Northern District of Florida

   Reason: Dismissed without prejudice as malicious

2. Date: _____ Case #: _____

   Court: _____

   Reason: _____

3. Date: _____ Case #: _____

   Court: _____

   Reason: _____

(*If necessary, list additional cases on an attached page*)

B. Have you filed other lawsuits or appeals in *state or federal court* dealing with the same facts or issue involved in this case?

☑ YES ☐ NO

If "Yes," identify the case number, parties, date filed, result (*if not still pending*), name of judge, and court for each case (*if more than one*):

1. Case #: 3:25cv441   Parties: Joe Cecil Williams v. Florida Department of Corrections, et al.
   Court: Northern District of Florida   Judge: Hope Thai Cannon
   Date Filed: 3/ /25   Dismissal Date (*if not pending*): 5/9/25
   Reason: as malicious

2. Case #: 3:25cv1825   Parties: Joe Cecil Williams v. Florida Department of Corrections, et al
   Court: Northern District of Florida   Judge: Hope Thai Cannon
   Date Filed: 9/ /25   Dismissal Date (*if not pending*): pending
   Reason: _____

(*If necessary, list additional cases on an attached page*)

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in *state or federal court* either challenging your conviction or relating to the conditions of your confinement?.

☑ YES ☐ NO

If "Yes," identify all lawsuits, petitions and appeals:

Continue of Prior Litigation Section B

Case # 8:25-cv-724-TPB-LSG
Parties: Joe Cecil Williams III v. Florida Department of Corrections etal,
Court: Middle District of Florida
Judge: Tom Barber
Date Filed: Not sure
Dissmissal Date 3/31/25
Reason: Order of Transfer

1. Case #: 8:21cv02799  Parties: Williams v. Hillsborough County Sheriff

   Court: Florida Middle District  Judge: William F. Jung

   Date Filed: Not Known  Dismissal Date (*if not pending*): 11-30-21

   Reason: Dismissed for Terminated

2. Case #: 2D22-2475  Parties: Williams v. State of Florida

   Court: Second District Court of Appeals  Judge: Sleet, Khoudam, Youakim

   Date Filed: 7/30/22  Dismissal Date (*if not pending*): 9/18/2024

   Reason: Per Curiam Affirmed

3. Case #: 2D2025-1703  Parties: Williams v. State of Florida

   Court: Second District Court of Appeals  Judge: _____

   Date Filed: 6/23/25  Dismissal Date (*if not pending*): pending

   Reason: _____

4. Case #: _____  Parties: _____

   Court: _____  Judge: _____

   Date Filed: _____  Dismissal Date (*if not pending*): _____

   Reason: _____

5. Case #: _____  Parties: _____

   Court: _____  Judge: _____

   Date Filed: _____  Dismissal Date (*if not pending*): _____

   Reason: _____

6. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

   ***(Attach additional pages as necessary to list all cases.)***

## IX. CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non- frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

3. I understand it is my obligation to timely notify the Clerk's Office if there is any change to my mailing address and that my failure to do so may result in a dismissal of the action.

Date: 11/25/25  Plaintiff's Signature: _____

Printed Name of Plaintiff: Joe Cecil Williams III

Correctional Institution: Graceville Correctional Facility

Address: 5168 Ezell Rd

Graceville, FL 32440

I certify and declare, under penalty of perjury, that this complaint was (*check one*) ☑ delivered to prison officials for mailing or ☐ deposited in the prison's mail system for mailing on the 26 day of Nov., 20 25.

Signature of Incarcerated Plaintiff: _____

Joe Cecil Williams T36458
Graceville Correctional Facility
5168 Ezell Rd
Graceville, Florida 32440



Jessica J. LYUBLANovits
Clerk of Court
111 N. ADAMS st
Tallahassee, FL 32801

Provided to Graceville Correctional Facility on
11/26/25 for mailing, by JL JL

DEC 04 2025